IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALONZO CRISS, MARY CRISS, and ALISSA HOAG,

              Plaintiffs,

   v.                                       OPINION and ORDER

TONY EVERS, JENNA GILL,                    25-cv-825-jdp
MORGAN JOHANNING, and CORINNE FRUTIGER,

              Defendants.

---

Plaintiff Alonzo Criss, proceeding without counsel, was detained at the Iowa County jail at the time of filing this complaint. Criss's complaint is before the court for screening. I must dismiss any portion of his complaint that is frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). I must accept the factual allegations in his complaint as true and interpret his complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Mary Criss and Alissa Hoag are also identified as plaintiffs, but the complaint concerns only what happened to Alonzo Criss, so I will dismiss them.

Criss filed this case in October 2025, and the allegations in his complaint involve his then-ongoing state court criminal proceedings. Online state court records show that Criss has now been convicted of possession with intent to deliver/distribute controlled substances on or near a park, maintaining a drug trafficking place, and neglecting a child. Lafayette County Case No. 2025CF35. So, it isn't clear whether there is still a live controversy here.

In any event, Criss's complaint fails to state a claim for relief. Criss attempts to sue three individuals: his attorney, Adam Witt; an assistant district attorney, Corinne Frutiger; and

the judge in his state court criminal case, Jenna Gill. Criss's complaint doesn't include any allegations against defendants Tony Evers and Morgan Johanning, so I will dismiss them.

Criss alleges that Witt violated his rights by poorly representing him and by taking advantage of his disability. *See* Dkt. 1, at 4. I understand Criss to be alleging that Witt committed legal malpractice. A criminal defendant who sues his defense attorney for legal malpractice must allege that he did not commit the crime of which he was convicted. *Skindzelewski v. Smith*, 2020 WI 57, ¶ 2, 392 Wis. 2d 117, 944 N.W.2d 575. Criss pleaded no contest to the criminal charges, so he cannot prove that he is innocent of the underlying crimes of which he was convicted. *See Galston v. Castonia*, No. 2019AP1621, 2021 WL 8567031, at *1–2 (Wis. Ct. App. May 19, 2021) (summary disposition order).

Criss alleges that Frutiger brought false charges against Criss and falsely accused him of being a danger to his children. *See* Dkt. 1, at 5–6. But Criss cannot state a claim against Frutiger based on these allegations because Frutiger is an assistant district attorney entitled to absolute immunity for prosecutorial functions "intimately associated with the judicial phase of the criminal process," including determining whether charges should be brought. *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012) (citation omitted).

Criss alleges that Judge Gill told his attorney that Criss doesn't deserve a fair trial and told the district attorney that Criss should be put in prison. Dkt. 1, at 7. Criss also alleges that Gill prevented him from speaking in court and prevented him from firing his lawyer. *Id.* Criss cannot state a claim against Gill because she is a state court judge, and judges are immune from liability for acts taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

I will dismiss the case in its entirety for Criss's failure to state a claim upon which relief may be granted. When, as here, a plaintiff proceeds without counsel, the court of appeals has

2

cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted when, as here, it's clear that amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

I will direct the clerk of court to record a strike against Criss under 28 U.S.C. § 1915(g).

## ORDER

IT IS ORDERED that:

1. Plaintiff Alonzo Criss's complaint, Dkt. 1, is DISMISSED with prejudice because it fails to state a claim.

2. The clerk of court is directed to enter judgment and close the case.

3. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g) against Criss.

Entered April 15, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3